UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

MALIK WHITAKER,

                             Plaintiff,        9:17-CV-0861
                                                   (DNH/ATB)

     v.

SERGEANT SAMPSON, Watertown
Correctional Facility, LIEUTENANT
CHIAPPONE, Watertown Correctional
Facility, and OFFICER WOODAI, DSS
Hearing Officer, Watertown Correctional
Facility,

                             Defendants.

---

APPEARANCES:

MALIK WHITAKER
16-R-2660
Plaintiff, pro se
Livingston Correctional Facility
P.O. Box 91
Sonyea, NY 14556

DAVID N. HURD
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

     Plaintiff Malik Whitaker ("Whitaker" or "plaintiff"), proceeding pro se, filed this action asserting claims for violations of his constitutional rights arising out of his confinement at Watertown Correctional Facility ("Watertown C.F.").  Dkt. No. 1 ("Compl.").

     Upon review in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A, Whitaker's complaint was dismissed without prejudice for failure to state a claim upon which relief may be granted.  Dkt. No. 11 ("September Order").  Plaintiff was afforded the

opportunity to submit an amended complaint if he wished to pursue his claims in this action. *Id*. at 10-11.[1]

On October 16, 2017, Whitaker timely filed an amended complaint, which is now ripe for review. *See* Dkt. No. 12 ("Am. Compl.").[2]

## II. DISCUSSION

In his original complaint, Whitaker asserted claims for the violation of his rights protected under the Eighth and Fourteenth Amendments arising out of disciplinary proceedings in May 2017. *See generally* Compl.

As alleged, defendant Sgt. Sampson issued a false inmate misbehavior report charging Whitaker with "violent conduct" and "threats." Compl. at 6. The inmate misbehavior report stemmed from Sgt. Sampson's investigation into a planned assault on another inmate, and was based upon information provided to him by a confidential informant. *Id*. Defendant Lt. Chiappone signed off on the misbehavior report. Id. at 7.

A Tier II disciplinary hearing was conducted by defendant DSS Woodai. Compl. at 7. DSS Woodai did not provide plaintiff with a written statement of the threats plaintiff was alleged to have made, the testimony of the confidential informant, or any other evidence that he relied on in determining plaintiff's guilt. *See* Dkt. No. 1-1 at 2.

At the conclusion of the hearing, Whitaker was found guilty of the charges and sentenced to sixty (60) days confinement in the special housing unit ("SHU") and loss of

---

[1] Plaintiff was also granted leave to proceed with this action in forma pauperis ("IFP"). September Order at 11.

[2] Plaintiff's two-page amended complaint is unsigned and therefore technically subject to dismissal. However, because this deficiency can be easily cured, the sufficiency of the claims asserted in the pleading will be addressed.

2

privileges. Compl. at 6. Plaintiff was confined in a double-bunk SHU cell (a situation which plaintiff believed placed his "life at risk") and was required to eat "state food" (which caused him stomach pain). Dkt. No. 1-1 at 2.

On June 21, 2017, the disciplinary determinations were reversed on administrative appeal. Compl. at 6-7; Exs. at 7. In light of this reversal, Whitaker's SHU confinement lasted approximately thirty-five (35) days. *See* September Order at 9.

Upon review of the complaint, Whitaker had not alleged facts sufficient to plausibly suggest that the conditions of his SHU confinement constituted cruel and unusual punishment in violation of the Eighth Amendment. September Order at 6-7.

With respect to Whitaker's Fourteenth Amendment due process claims, the Court found that because inmates do not enjoy a protected liberty interest in being free from false accusations in a misbehavior report, the claims against Sgt. Sampson and Lt. Chiappone did not survive initial review. *See* September Order.

In addition, because Whitaker did not allege facts which plausibly suggested that his brief confinement in the SHU imposed an "atypical and significant hardship" on him, *see Sandin v. Connor*, 515 U.S. 472 (1995), his due process claim against DSS Woodai was dismissed for failure to state a claim. September Order at 6-9.

In his amended complaint, Whitaker essentially restates the factual allegations from the original complaint regarding the false misbehavior report issued to him by Sgt. Sampson and the ensuing disciplinary hearing conducted by DSS Woodai. *See* Am. Compl. at 1.

Whitaker also alleges that prior to the issuance of the misbehavior report, plaintiff and Sgt. Sampson were on "bad terms" because Sgt. Sampson did not like to see "black and white people conveying with each other," and that Sgt. Sampson told plaintiff that he had him

3

"on his radar."  Am. Compl. at 1-2.

Whitaker also includes new allegations regarding his SHU confinement.  More specifically, plaintiff alleges that he was denied meals for approximately one day and that "these officers" (none of whom are identified) also denied his requests for personal hygiene items such as toilet tissue, tooth paste and body soap on the first two days of his confinement.  Am. Compl. at 2.  Plaintiff seeks an award of monetary damages for having been improperly confined in the SHU.  *Id*.

Liberally construed, Whitaker's amended complaint claims that (1) Sgt. Sampson discriminated against him in violation of his rights protected under the Equal Protection Clause; (2) the conditions of his SHU confinement violated his Eighth Amendment rights; and (3) he was disciplined in violation of his Fourteenth Amendment right to due process.  The sufficiency of these claims is addressed below.

### 1. Equal Protection

The Equal Protection Clause requires that the government treat all similarly situated people alike.  *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

Specifically, the Equal Protection Clause "bars the government from selective adverse treatment of individuals compared with other similarly situated individuals if 'such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.'"  *Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005) (quoting *LeClair v. Saunders*, 627 F.2d 606, 609-10 (2d Cir. 1980)).

To state a viable Equal Protection claim, a plaintiff generally must allege "purposeful discrimination . . . directed at an identifiable or suspect class."  *Giano v. Senkowski*, 54 F.3d

4

1050, 1057 (2d Cir. 1995). In the alternative, under a "class of one" theory, plaintiff must allege that he has been intentionally treated differently from others similarly situated, with no rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *DeMuria v. Hawkes*, 328 F.3d 704, 706 (2d Cir. 2003).

Here, Whitaker alleges that Sgt. Sampson "stereotyped" him as a potential troublemaker on the basis of his race and was suspicious of his interactions with white inmates. *See* Am. Compl. at 1. Plaintiff further alleges that Sgt. Sampson made comments to plaintiff that were "racist." *Id*.

Upon review and with due regard for Whitaker's status as a pro se litigant, he has not alleged facts in the amended complaint sufficient to plausibly suggest that Sgt. Sampson issued a false misbehavior report to plaintiff due to his racial bias.

"Conclusory allegations of disparate treatment or a plaintiff's personal belief of discriminatory intent are patently insufficient to plead a valid claim under the Equal Protection clause." *Thomas v. Pingotti*, No. 9:17-CV-0300 (GTS/DEP), 2017 WL 3913018, at *7 (N.D.N.Y. Sept. 6, 2017).

As a result, the amended complaint does not state a cognizable claim for the violation of Whitaker's rights protected under the Equal Protection Clause of the Fourteenth Amendment.

### 2. Conditions of Confinement

To demonstrate that the conditions of his confinement constitute cruel and unusual punishment a plaintiff must show that (1) he was incarcerated under conditions which posed a substantial risk of serious harm, and (2) prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hathaway v. Coughlin,*

37 F.3d 63, 66 (2d Cir. 1994).

"Only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). The Second Circuit has held that "under certain circumstances a substantial deprivation of food may well be recognized as being of constitutional dimension." *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) (emphasis added) (citation omitted). The withholding of basic personal hygiene items and access to clean water may also give rise to claims cognizable under the Eighth Amendment. *See, e.g., Benitez v. Locastro*, No. 9:04-CV-0423 (NAM/RFT), 2008 WL 4767439, at *7 (N.D.N.Y. Oct. 29, 2008).

Upon review, and even assuming that the allegations of the amended complaint are sufficient to plausibly allege Eighth Amendment conditions of confinement claims, these claims do not survive initial review because the officers alleged to have denied Whitaker his meals and withheld personal hygiene items are not named as defendants in the amended complaint.

### 3. Disciplinary Due Process

As discussed in the September Order, to successfully state a claim under Section 1983 for denial of due process arising out of a disciplinary hearing, a plaintiff must show that he or she both (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See* September Order at 8.

"Prison discipline implicates a liberty interest when it 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004) (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).

The Second Circuit generally takes the position that SHU confinement, without

unusual conditions, for a period of up to 101 days will not constitute an atypical hardship. *See* September Order at 9 (citing *Ortiz*, 380 F.3d at 654).[3]

As the Court did in assessing the sufficiency of Whitaker's due process claim in the September Order, the Court has calculated the relevant period of confinement to be approximately 35 days. *See* September Order at 8.

Upon review, and while the Court does not condone misconduct of any kind, Whitaker's allegations regarding mistreatment by unnamed officers at the outset of his SHU confinement do not render that confinement "atypical and significant" under *Sandin*. As a result, the amended complaint does not set forth facts sufficient to plausibly suggest that plaintiff enjoyed a protected liberty interest in being free from the period of SHU confinement with which he was sanctioned by DSS Woodai for purposes of the Fourteenth Amendment.

Based upon the foregoing, the claims asserted in the amended complaint do not survive initial review and this action is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

## III. CONCLUSION

Therefore, it is

ORDERED that

1. The amended complaint fails to state a claim for the violation of plaintiff's constitutional rights upon which this Court may grant relief against the named defendants;

---

[3] "Under the 'normal conditions of SHU confinement in New York [state prison],' the prisoner is: placed in a solitary confinement cell, kept in his cell for 23 hours a day, permitted to exercise in the prison yard for one hour a day, limited to two showers a week, and denied various privileges available to general population prisoners, such as the opportunity to work and obtain out-of-cell schooling. Visitors [are] permitted, but the frequency and duration [is] less than in general population. The number of books allowed in the cell [is] also limited." *Palmer v. Richards*, 364 F.3d 60, 66 n.3 (2d Cir. 2004) (citation omitted).

  2. This action is **DISMISSED without prejudice** in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b); and

  3. The Clerk shall serve a copy of this Decision and Order on plaintiff.

IT IS SO ORDERED.

Dated: November 24, 2017
   Utica, New York.

_____
United States District Judge